## Eisele v. Lambert.

*Replevin—Stolen automobile—Affidavit of defence—Sufficiency thereof.*
Where the statement of claim in an action in replevin sets forth in detail facts showing a theft of the plaintiff's automobile and the present possession of it by the defendant, an affidavit of defence is insufficient to prevent judgment for the damages claimed which admits possession of the automobile but does not deny plaintiff's title to it, or the loss of her possession of it in the manner alleged in her statement, or the damages she sets up therein.

Motion for judgment for want of sufficient affidavit of defence. C. P. Somerset Co., May T., 1921, No. 101.

*Ross R. Scott,* for plaintiff; *H. F. Yost,* for defendant.

BERKEY, P. J., April 9, 1921.—The plaintiff, Marie J. Eisele, on March 29, 1921, instituted an action in replevin against the defendant to recover a Buick, 1917, automobile, Model D-45, engine No. 266403, factory No. 268974, transmission No. 273062, starter No. 541497, rear axle No. 266828, body No. 62607, alleging that on Aug. 13, 1917, said automobile was stolen from her in the City of Indianapolis, Indiana, and taken by the thieves to Detroit, Michigan, where it was sold to one Charles Green, a colored man; that on Feb. 16, 1920, it was registered in Pennsylvania by Bonner Lambert, of Stoyestown, under State Highway License No. 271287, averring that the said Bonner Lambert unlawfully detains the same in his possession, while no person except the plaintiff has any right, title or interest in said automobile. The plaintiff claims that she is damaged in the sum of $800, and to recover said sum she brings this suit.

The defendant, Bonner Lambert, April 9, 1921, filed his affidavit of defence, in which he admits that he is in possession of said automobile, having come in possession of the same by purchase from one Foster Zeigler, but does not deny either of the following facts, to wit, that the title to said automobile is in the plaintiff and that she lost possession in the manner which she sets forth in her statement, nor does he deny the damages she alleges to have sustained. Therefore, the court is of opinion that the affidavit is insufficient.

And now, April 9, 1921, for the reasons above stated, judgment is hereby directed to be entered in favor of Marie J. Eisele, the plaintiff, and against Bonner Lambert, the defendant, for the sum of $800, with interest thereon from March 29, 1921, and costs of suit.